## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**JUAQUIN C. HERNANDEZ,**
**and on behalf of all others**
**similarly situated,**

                                                    Case No:
                Plaintiffs,                         Honorable:
**v.**

**BNR THE BRIDGE, LLC, and**
**BOBBY RISHER, individually,**
**Jointly and severally,**

                Defendants.

---

Anthony D. Paris (P71525)
John Philo (P52721)
**SUGAR LAW CENTER FOR**
**ECONOMIC & SOCIAL JUSTICE**
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505 / (313) 887-8470 (Fax)
tparis@sugarlaw.org
jphilo@sugarlaw.org
*Attorneys for Plaintiffs*

Jack W. Schulz (P78078)
**SCHULZ GOTHAM PLC**
P.O. Box 44855
Detroit, MI 48244
(313) 652-1906
jackwschulz@gmail.com
*Attorney for Plaintiff*

---

## PLAINTIFF'S COMPLAINT & JURY DEMAND

NOW COMES Plaintiff, JUAQUIN C. HERNANDEZ, on behalf of himself and other persons similarly situated, known and unknown, by and through his attorneys MAURICE & JANE SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE and for his Complaint, does hereby allege as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit is brought on behalf of individuals who were employed by the Defendants BNR The Bridge, LLC ("BNR") and its owner Bobby Risher ("Risher") and arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq,*, the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411, *et seq*. ("MWOWA"), MCL § 600.2952, and the common law of the State of Michigan.

2.      During Plaintiffs' employment, Defendants failed to pay the Plaintiff and similarly situated workers their proper wages, overtime pay, and at times failed to pay any wages at all and failed make payments as promised, failed to ensure sufficient funds in payroll accounts, and unjustly enriched themselves at the expense of their workers.

## JURISDICTION & VENUE

3.      This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 216(b).

4.     This Court has diversity jurisdiction over Plaintiff, and similarly situated persons state law claims pursuant to 28 U.S. Code § 1332.  The amount in controversy exceeds $75,000, exclusive of costs and interests. Alternatively, this Court also has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.  The pendant state claims are part of the same case or controversy and do not predominate or raise novel or complex issues.

5.     Venue is proper pursuant to 28 USC §1391, since Defendants are doing business in the Western District of Michigan and the events giving rise to this action occurred within this District.

## THE PARTIES

6.     Plaintiff Joaquin Hernandez resides in the City of Detroit, Wayne County, Michigan.

7.     Defendant BNR The Bridge LLC ("BNR") is a foreign limited liability company organized and registered under the laws of Texas with its corporate headquarters in San Antonio, Texas.  The Defendant travels to and does business in the State of Michigan.

8.     Defendant Bobby Risher is the owner, president, and director of the Defendant BNR and resides in San Antonio, Texas. The Defendant is doing business in the State of Michigan.

3

## STATEMENT OF FACTS

9.      Defendant BNR is a residential and commercial remodeling firm that does business throughout the United States, including the State of Michigan.

10.     Defendant BNR provides residential and commercial building services, including interior and exterior painting, drywall hanging, finishing and repairs, plaster repairs, concrete and wood staining, caulking, scraping, glazing, texturing, spray brush and roll finishes, power washing and insulating (the "work").

11.     Defendants hired multiple persons ("employees") to work on projects in Michigan.

12.     Plaintiff Juaquin C. Hernandez was one of the persons that Defendants hired to perform the work in Michigan.

13.     Plaintiff was hired as a construction laborer and worked for the Defendants in 2017 and 2018.

14.     Defendants' workers travel to work at various locations within the State of Michigan.

15.     Plaintiff and similarly situated persons worked for the Defendants at locations including but not limited to:

16.      At various points during his employment with Defendants in 2017, Plaintiff's work included, but was not limited to:

        a. The construction of the Great Lakes Center for the Arts in Bay Harbor, Michigan; and

4

b. the construction of a Meijer store in Sault Ste. Marie, Michigan; and

c. the remodeling of Northern Michigan University dormitories in Marquette, Michigan.

17. For each of these jobs, there were approximately 25-50 workers employed by Defendants.

18. Defendants improperly classified the Plaintiff, and similarly situated persons, as independent contractors or as 'contract labor.'

19. The work that Plaintiff and similarly situated persons were hired to perform did not require specialized knowledge, skills, or training, and some individuals were hired to do the work without any prior experience.

20. The Plaintiff and similarly situated persons worked under Defendants direction and control.

21. Defendants instructed and directed the Plaintiff and similarly situated persons on how the work was to be performed and controlled the performance of their work.

22. The Defendants established Plaintiff's and similarly situated persons' work hours and schedules and established the beginning and ending times of their shifts.

23. Plaintiffs and similarly situated persons were required to check in with the Defendants at the beginning and ending of their shifts.

24.    Defendants scheduled Plaintiff's and similarly situated persons' jobs, and assigned hours such that they were precluded from working elsewhere.

25.    Defendants supplied necessary materials and equipment to Plaintiff and similarly situated persons for the performance of their assigned work.

The Department of Labor recognizes "the misclassification of workers as something other than employees, typically as independent contractors, presents a serious problem for affected employees and employers, and to the economy.

26.    Throughout the time that they worked for the Defendants, federal and Michigan laws required that the Defendants compensate the Plaintiff and similarly situated person at pay rates in an amount meeting at least the minimum wage rate.

27.    Under the FLSA, the federal minimum wage rate was $7.25 per hour from July 24, 2009 through the present.

28.    Under MWOWA, the state minimum wage rate was $8.15 per hour from September 1, 2014 through December 31, 2015; $8.50 per hour from January 1, 2016 through December 31, 2016; $8.90 per hour from January 1, 2017 through December 31, 2017; and $9.25 per hour from January 1, 2018 through the present.

29.    Defendants failed to pay Plaintiff and other employees for all hours worked, resulting in their being paid wages below the federal and state minimum wage rates.

30.    Under the FLSA and MWOWA, Defendants are required to pay Plaintiff and similarly situated persons compensation not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours during a single workweek.

31.    Throughout the entire time that he worked for the Defendants, Plaintiff and similarly situated persons often worked more than forty (40) hours in a workweek.

32.    Defendants failed to pay Plaintiff and similarly situated persons compensation not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours during a single workweek.

33.    On multiple occasions, Defendants did not ensure sufficient funds were maintained in the accounts meant to pay Plaintiff and similarly situated persons, causing their checks to 'bounce.'

34.    Plaintiff has occurred costs due to the bouncing of these paychecks.

35.    At least two of Plaintiff's checks from the Defendants, totaling approximately seventeen hundred dollars ($1,700.00), remain unpaid.

36.    In late February 2018, Plaintiff ended his employment with Defendants.

37.    Defendants did not keep accurate records of the hours of work by Plaintiff and similarly situated persons and Defendants' paychecks did not designate or describe the hours for which they were being paid or the hours they had worked.

7

## Class & Collective Action

38.    Plaintiff incorporates by reference paragraphs 1 through 37 above as though fully stated herein.

39.    A copy of Plaintiff's consent to bring his claim for unpaid overtime wages under the FLSA as a representative action is attached hereto as Exhibit A.

40.    Counts 1 & 2 are brought as collective actions under the FLSA, 29 U.S.C. §216(b).

41.    The collective class consists of all persons who were, as alleged herein, employees of the Defendants hired to provide in-home care to patients during the Plaintiff's employment period and who were not properly paid at required minimum wage and overtime rates.

42.    Counts 4 & 5 are brought as a class action pursuant to Fed. R. Civ. P. 23 (a) and 23 (b) because:

  a.  the class of plaintiffs is so numerous that joinder of all class members is impracticable;

  b.  there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;

  c.  the claims or defenses of the representative party is typical of the claims of the class;

    d.  the representative parties will fairly and adequately assert and protect the interests of the class; and

    e.  the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

43.    The class representative and the class members have been equally affected by Defendants' failure to pay minimum wages and overtime pay.

44.    Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

45.    The class representative, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

46.    The class representative is able to fairly and adequately represent and protect the interests of the class.

47.    If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to class members, Defendants, and the resources of the Court.

48.    A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C § 201, *et seq.***
<u>**Failure to Pay Minimum Wage**</u>

49.    Plaintiff incorporates by reference paragraphs 1 through 48 above as though fully stated herein.

50.    In violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq, Defendants failed to pay Plaintiff and similarly situated persons at the federal minimum wage rate for all hours worked.

51.    At all times relevant to this action, Plaintiff and similarly situated persons was an employee of Defendants within the meaning of the FLSA.

52.    At all times relevant to this action, Defendants were the employer(s) of Plaintiff and similarly situated persons within the meaning of the FLSA.

53.    Defendants misclassified Plaintiff and similarly situated persons as independent contractors.

54.    Defendants intentionally misclassified Plaintiff and similarly situated persons as independent contractors

55.    In violation of the FLSA, Defendants failed to pay Plaintiff and similarly situated persons the minimum wage for all hours worked.

56.    Defendants did not keep or report records of hours to employees as required by the FLSA. 29 CFR Part 516 *et. seq.*.

57.     Plaintiff and similarly situated persons performed work for Defendants and was never compensated for this work.

58.     Plaintiff and similarly situated persons were not compensated for over 80 hours of work.

59.     Despite Plaintiff's informing Defendants of issues involving payment on multiple occasions, no action was taken by the Defendants.

60.     Plaintiff and similarly situated persons were not compensated for at least 80+ hours of work that he performed for Defendants.

61.     As described above and in violation of the FLSA, Defendant failed to pay Plaintiff and similarly situated persons the federal minimum wage for hours worked.

62.     Defendants knowingly, intentionally and willfully failed to pay Plaintiff and similarly situated persons for hours worked and at minimum wage rates.

63.     Defendants have a pattern and practice of refusing to compensate actual hours worked on job sites throughout the nation, as evidenced by past legal cases involving Defendants.

64.     As a result of Defendants' conduct, Plaintiff and similarly situated persons are entitled to an award of damages including, but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## <u>Failure to Pay Overtime</u>

65.     Plaintiff incorporates by reference paragraphs 1 through 65 above as though fully stated herein.

66.     In violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, Defendants failed to pay Plaintiff and similarly situated persons at the federal overtime rate for overtime hours worked.

67.     Despite working more than 40 hours during multiple weeks, Plaintiff and similarly situated persons were never paid time and one half for hours worked.

68.     Plaintiff and similarly situated persons were often unpaid for time worked on weekends that were well beyond their 40 hours.

69.     Defendants knowingly, intentionally and willfully failed to pay Plaintiff at overtime rates of time and a half for all hours worked over 40 per week.

70.     As a result of Defendants' conduct, Plaintiff is entitled to an award of damages including, but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT III
## MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT
## <u>Failure to pay Minimum Wage</u>

71.    Plaintiff incorporates by reference paragraphs 1 through 70 above as though fully stated herein.

72.    State law provides that "An employer shall not pay an employee at a rate that is less than prescribed" in the Michigan Workforce Opportunity Wage Act ("MWOWA") MCL 408.414.[1]

73.    At all times relevant to this action, Plaintiff and similarly situated persons were employees of the Defendants within the meaning of the MWOWA. MCLS 408.412.

74.    At all times relevant to this action, Defendants were the "employer" of Plaintiff and similarly situated persons within the meaning of MWOWA. MCLS 408.412.[2]

75.    Defendants misclassified Plaintiff and similarly situated persons as independent contractors.

76.    Defendants intentionally misclassified Plaintiff and similarly situated persons as independent contractors

---

[1] Employees in Michigan covered by both the FLSA and the MMWL have a substantive right to the higher of the two possible minimum wages, which they can enforce with equal measure, provided their lawsuits are timely. Arrington v. Mich. Bell Tel. Co., 746 F. Supp. 2d 854, 859 (E.D. Mich. 2010).

[2] The general characteristics identifying employers are: (1) that they select and engage the employee, (2) that they pay the wages, (3) that they have the power of dismissal, and (4) that they have power and control over the employee's conduct. Saginaw Stage Employees Local 35, etc. v. Saginaw, 150 Mich. App. 132, 387 N.W.2d 859, 1986 Mich. App. LEXIS 2537 (1986), app. denied, 425 Mich. 873 (1986).

77.    In violation of the MWOWA, Defendant failed to pay Plaintiff and similarly situated persons the minimum wage for all hours worked.

78.    Defendants did not keep or report records of hours to employees as required by the MWOWA. MCLS 408.414(a).

79.    Defendants knowingly, intentionally and willfully failed to pay Plaintiff and similarly situated persons for hours worked and at minimum wage rates, as evidenced by the past legal case(s) involving Defendants as well as the communication between the Defendants and Plaintiff.

80.    Defendants have a pattern and practice of refusing to compensate actual hours worked on job sites throughout the nation, as evidenced by past legal case(s) involving Defendants.

81.    As a result of Defendants' conduct, Plaintiff and similarly situated persons is entitled to an award of damages including, but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT IV
## <u>BREACH OF CONTRACT</u>

82.    Plaintiff incorporates by reference paragraphs 1 through __ above as though fully stated herein

83.    Defendants breached the terms and conditions of the employment contract promises by:

      a.  failing to pay Plaintiff for all hours worked;

      b.  failing to pay at the hourly wage promised;

      c.  failing to ensure sufficient funds for payroll

84.    Plaintiff performed work on the basis of the explicit promise by Defendants that they would be compensated for that Work.

85.    Plaintiff was promised a wage of $24 hourly.

86.    Each and every paycheck Plaintiff received had money missing for hours that he worked.

87.    Plaintiff was never compensated at all for two pay periods of work performed prior to leaving employment with the Defendants.

88.    On information and belief, Defendants have promised to pay every Plaintiff an hourly rate for every hour of work performed.

89.    Most of the promises were made directly by Defendant Risher for the purpose of inducing Plaintiff to work. Defendant BNR is under the exclusive control of Defendant Richer who uses BNR as his instrumentality for personal profit and gain to the detriment of its workers.

90.    Wherefore, Plaintiff is entitled to the benefit of the contractual promises to pay an hourly rate for hours worked.

## COUNT V
## UNJUST ENRICHMENT/QUANTUM MERUIT

91.    Plaintiff incorporates by reference paragraphs 1 through 90 above as though fully stated herein

92.    Defendants benefitted from the work performed by the Plaintiff.

93.    Defendants failed to pay Plaintiff for all of the hours worked for the company, for which the Defendants received payments

94.    Defendants failed to compensate Plaintiff for actual hours worked for the benefit of Defendants, for which Defendants unjustly retained benefits and compensation and otherwise failed to compensate for the value of their labor.

95.    Defendant Risher was at all relevant times the Chief Executive Officer and Owner of Defendant BNR, with legal power and legal responsibility to set policy and procedure for Defendant BNR, to direct payment for labor according to law and otherwise comply with state and federal law. By implementing, approving and or acquiescing in violations hereof complained, he unjustly enriched himself and increased his profits or income from the Company to himself at the expense of Plaintiff and similarly situated BNR employees. Equity and good conscience requires that Defendants' profits retained based on the uncompensated labor of Plaintiff must be returned to Plaintiff.

96.    Plaintiff was sent to perform work at three or more different job sites over a year of employment. Plaintiff was not compensated in a timely manner on a

number of occasions, with full payment delayed for several days. For two pay periods, Plaintiff was not compensated at all.

## COUNT VI
## PROMISSORY ESTOPPEL

97.    Plaintiff incorporates by reference paragraphs 1 through 96 above as though fully stated herein.

98.    Plaintiff performed work and advanced expenses in reasonable reliance on particular promises of pay as discussed above.

99.    Defendants accepted Plaintiff's work and induced Plaintiff to advance expenses in with knowledge of Plaintiff's reasonable reliance on particular promises of pay and reimbursement as discussed above.

100.   Defendant's promises to Plaintiff were clear and definite.

101.   Defendants reasonably should have expected that their promise to Plaintiff would induce definite and substantial action by Plaintiff in performing his obligations to Defendants.

102.   Defendants reasonably foresaw that Plaintiff would rely on their promise and Defendants in fact encouraged such reliance.

103.   Plaintiff reasonably and substantially relied on Defendants' promise to the detriment of Plaintiff.

104.   Injustice can be avoided only by enforcing Defendants' promises.

17

## COUNT VII
## Failure of Maker to Pay Amount of Dishonored Check

105.    Plaintiff incorporates by reference paragraphs 1 through 104 above as though fully stated herein.

106.    Defendants bounced multiple paychecks made out to Plaintiff which are covered by MCL § 600.2952.

107.    Each time Plaintiff attempted to cash or deposit these paychecks, he incurred a "return fee" of $35.

108.    Two of these bounced paychecks, #2739 for $1,256.00 and #2809 for $453.00 remain unpaid, with $35 return fees attached to both.

## RELIEF REQUESTED

109.    WHEREFORE, Plaintiff Joaquin Chic Hernandez and on behalf of other persons similarly situated, known and unknown, request that this Court enter the following relief:

> a.  permission for individuals throughout the State of Michigan who performed Work for BNR who are classified as independent contractors, and who have not paid minimum wage or overtime (time and a half) for hours greater than forty (40) worked in a week, to opt-in to this action, pursuant to § 216(b) of the FLSA;

18

b.  certification of a class action under Rule 23 for all those similarly situated and an award of all damages to which the Plaintiff may be entitled;

c.  liquidated and multiple damages as allowed by law, including damages under FLSA and under MWOWA;

d.  an injunction prohibiting Defendants from further violations of the law as described here;

e.  post-judgement assignment of attorney's fees and costs; and

f.  any other relief to which Plaintiff may be entitled.

g.  damages of twice the amount of each bounced check in question, plus costs of $250 for each check, pursuant to. § 600.2952(4).

Respectfully submitted,

/s/  Anthony D. Paris
Anthony D. Paris (P71525)
John Philo (P52721)
**SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE**
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505 / (313) 887-8470 (Fax)
tparis@sugarlaw.org
jphilo@sugarlaw.org
*Attorneys for Plaintiffs*

Jack W. Schulz (P78078)
**SCHULZ GOTHAM PLC**
P.O. Box 44855
Detroit, MI 48244
(313) 652-1906
*Attorney for Plaintiffs*

Date: July 25, 2018

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, on behalf of himself and all similarly situated persons, known or unknown, hereby demands a trial by jury in the above-captioned matter.

<u>/s/  Anthony D. Paris</u>

Anthony D. Paris (P71525)
John Philo (P52721)
**SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE**
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505 / (313) 887-8470 (Fax)
tparis@sugarlaw.org
jphilo@sugarlaw.org
*Attorneys for Plaintiffs*

Jack W. Schulz (P78078)
**SCHULZ GOTHAM PLC**
P.O. Box 44855
Detroit, MI 48244
(313) 652-1906
*Attorney for Plaintiffs*

Date: July 25, 2018